UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

SHAWN D. PATTERSON          )
                            )   No. CV-11-00426-CI
        Plaintiff,          )
                            )   ORDER GRANTING DEFENDANT'S
v.                          )   MOTION FOR SUMMARY JUDGMENT
                            )
CAROLYN W. COLVIN, Commissioner )
of Social Security,[1]      )
                            )
        Defendant.          )
_____)

    BEFORE THE COURT are cross-motions for Summary Judgment.  ECF
No. 14, 15.  Attorney Maureen J. Rosette represents Shawn D.
Patterson (Plaintiff); Special Assistant United States Attorney
Summer Stinson represents the Commissioner of Social Security
(Defendant).  The parties have consented to proceed before a
magistrate judge.  ECF No. 12.  After reviewing the administrative
record and briefs filed by the parties, the court **GRANTS** Defendant's
Motion for Summary Judgment and **DENIES** Plaintiff's Motion for

_____

    [1]Carolyn W. Colvin became the Acting Commissioner of Social
Security on February 14, 2013.  Pursuant to FED. R. CIV. P. 25(d),
Carolyn W. Colvin is substituted for Michael J. Astrue as the
defendant in this suit. No further action need be taken to continue
this suit.  42 U.S.C. § 405(g).

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 1

Summary Judgment.

### JURISDICTION

On October 27, 2008, Plaintiff filed a Title II application for a period of disability and disability insurance benefits, alleging disability beginning April 26, 2008.  Tr. 18; 123.  Plaintiff reported that he could not work due to "head to toe nerve damage," "facial nerve damage," hearing loss, memory loss, chronic headaches, and bilateral thoracic outlet syndrome.  Tr. 128.  Plaintiff's claim was denied initially and on reconsideration, and he requested a hearing before an administrative law judge (ALJ).  Tr. 83-114.  A hearing was held on January 28, 2010, at which vocational expert Richard Taylor and Plaintiff, who was represented by counsel, testified.  Tr. 38-82.  ALJ James W. Sherry presided.  Tr. 38.  The ALJ denied benefits on March 16, 2010.  Tr. 18-32.  The instant matter is before this court pursuant to 42 U.S.C. § 405(g).

### STATEMENT OF THE CASE

The facts of the case are set forth in detail in the transcript of proceedings and are briefly summarized here.  At the time of the hearing, Plaintiff was 37 years old, and living in a travel trailer with his wife and three children ages 13, 11, and 20 months.  Tr. 44.  Plaintiff has a high school diploma and one year of college. Tr. 44.

Plaintiff has worked as an auto detailer, car salesman and a broadband technician and lineman for a cable company.  Tr. 47-48; 51.  Plaintiff is a certified emergency medical technician, and at the time of the hearing, he was a volunteer firefighter.  Tr. 48-50.

Plaintiff testified that he is not able to work because he suffers from unpredictable migraines, his hands are often completely

numb, and his right leg falls asleep and he experiences shooting pains "every day, all the time." Tr. 52-54. Plaintiff also testified that he takes care of his twenty-month old baby while his wife is at work. Tr. 65. He reported that it is hard for him to pick her up, and he prepares her meals and changes her diapers. Tr. 65. He works one 12-hour shift as a volunteer firefighter each week. Tr. 50. During that shift, Plaintiff goes on calls, completes paperwork, and drives the fire trucks. Tr. 50.

### ADMINISTRATIVE DECISION

At step one, ALJ Sherry found that Plaintiff had not engaged in substantial gainful activity since April 26, 2008. Tr. 20. At step two, he found Plaintiff had the severe impairment of bilateral thoracic outlet syndrome; headaches; facial fracture, status post surgery; patellar tendinitis bilateral; major depression, recurrent; and learning disorder. Tr. 20. At step three, the ALJ determined Plaintiff's impairments, alone and in combination, did not meet or medically equal one of the listed impairments in 20 C.F.R., Subpart P, Appendix 1 (20 C.F.R. §§ 416.920(d), 416.925 and 416.926). Tr. 21. The ALJ found Plaintiff has the residual functional capacity ("RFC") to perform light work with the following limitations:

> The claimant can lift or carry 20 pounds occasionally and frequently lift or carry 10 pounds. The claimant can sit for six hours and stand or walk for six hours in an eight-hour workday. He can frequently push and pull within the weight limitations specified. He can frequently climb stairs and ramps, but he cannot climb ladders, ropes, or scaffolds. He can frequently kneel, crawl, stoop, crouch, and balance. The claimant can frequently use his upper extremities for reaching in all directions (including overhead), fingering, feeling, and handling. The claimant can perform simple, routine, and repetitive tasks. He should be free of fast paced production requirements. He can have occasional to frequent interaction with the public.

1  Tr. 22.  In step four findings, the ALJ found Plaintiff's statements
2  regarding pain and limitations were not credible to the extent they
3  were inconsistent with the RFC assessment.  Tr. 24.  The ALJ found
4  that Plaintiff is incapable of performing past relevant work.  Tr.
5  30.   After  considering  Plaintiff's  age,  education  and  work
6  experience,  and  residual  functional  capacity,  the  ALJ  determined
7  that jobs exist in significant numbers in the national economy that
8  Plaintiff  can  perform,  such  as  house  sitter,  clerical  addresser,
9  clerical cutter/paster.  Tr. 31.

10                        **STANDARD OF REVIEW**

11       In *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001), the
12  court set out the standard of review:

13       A district court's order upholding the Commissioner's
     denial of benefits is reviewed *de novo*. *Harman v. Apfel*,
14   211 F.3d 1172, 1174 (9th Cir. 2000).  The decision of the
     Commissioner may be reversed only if it is not supported
15   by substantial evidence or if it is based on legal error.
     *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999).
16   Substantial evidence is defined as being more than a mere
     scintilla, but less than a preponderance.  *Id.* at 1098.
17   Put another way, substantial evidence is such relevant
     evidence as a reasonable mind might accept as adequate to
18   support a conclusion.  *Richardson v. Perales*, 402 U.S.
     389, 401 (1971).  If the evidence is susceptible to more
19   than one rational interpretation, the court may not
     substitute its judgment for that of the Commissioner.
20   *Tackett*, 180 F.3d at 1097; *Morgan v. Commissioner of
     Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999).
21
22       The ALJ is responsible for determining credibility,
     resolving conflicts in medical testimony, and resolving
23   ambiguities.  *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th
     Cir. 1995).  The ALJ's determinations of law are reviewed
24   *de novo*, although deference is owed to a reasonable
     construction of the applicable statutes.  *McNatt v. Apfel*,
25   201 F.3d 1084, 1087 (9th Cir. 2000).

26       It is the role of the trier of fact, not this court, to resolve
27  conflicts in evidence.  *Richardson,* 402 U.S. at 400.  If evidence
28  supports more than one rational interpretation, the court may not

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 4

1  substitute its judgment for that of the Commissioner. *Tackett*, 180

2  F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984).

3  Nevertheless, a decision supported by substantial evidence will

4  still be set aside if the proper legal standards were not applied in

5  weighing the evidence and making the decision. *Brawner v. Secretary*

6  *of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988).  If

7  substantial evidence exists to support the administrative findings,

8  or if conflicting evidence exists that will support a finding of

9  either disability or non-disability, the Commissioner's

10 determination is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-

11 1230 (9th Cir. 1987).

12                              **SEQUENTIAL PROCESS**

13     The Commissioner has established a five-step sequential

14 evaluation process for determining whether a person is disabled.  20

15 C.F.R. §§ 404.1520(a), 416.920(a); *see Bowen v. Yuckert*, 482 U.S.

16 137, 140-42 (1987).  In steps one through four, the burden of proof

17 rests upon the claimant to establish a prima facie case of

18 entitlement to disability benefits. *Tackett*, 180 F.3d at 1098-99.

19 This burden is met once a claimant establishes that a physical or

20 mental impairment prevents him from engaging in his previous

21 occupation.  20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).  If a

22 claimant cannot do his past relevant work, the ALJ proceeds to step

23 five, and the burden shifts to the Commissioner to show that (1) the

24 claimant can make an adjustment to other work; and (2) specific jobs

25 exist in the national economy which claimant can perform. *Batson v.*

26 *Commissioner of Social Sec. Admin.,* 359 F.3d 1190, 1193-94 (2004).

27 If a claimant cannot make an adjustment to other work in the

28 national economy, a finding of "disabled" is made. 20 C.F.R. §§

1  404.1520(a)(4)(I-v), 416.920(a)(4)(I-v).

2                          **ISSUES**

3      The question presented is whether substantial evidence exists

4  to support the ALJ's decision denying benefits and, if so, whether

5  that decision is based on proper legal standards.   Plaintiff

6  contends that the ALJ erred in assessing his credibility and by

7  failing to properly weigh his treating medical provider opinions.

8  ECF No. 14 at 15.

9  **A.   Credibility**

10     Plaintiff argues that the ALJ erred by failing to provide

11  specific reasons for discounting Plaintiff's credibility, and

12  instead provided only boilerplate language.   ECF NO. 14 at 18.

13  Contrary to Plaintiff's contention, the ALJ provided detailed

14  reasons that supported the credibility determination.   Tr. 24-29.

15     The ALJ is responsible for determining credibility, resolving

16  conflicts in medical testimony, and resolving ambiguities.  *Reddick*

17  *v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998).   The ALJ's findings

18  must be supported by specific, cogent reasons.  *Reddick*, 157 F.3d at

19  722.   If a claimant produces objective medical evidence of an

20  underlying impairment, an ALJ may not reject a claimant's subjective

21  complaints of pain based solely on lack of medical evidence.  *Burch*

22  *v. Barnhart*, 400 F.3d 676, 680 (9th Cir. 2005).   Unless affirmative

23  evidence exists showing that the claimant is malingering, the ALJ

24  must provide "clear and convincing" reasons for rejecting pain

25  testimony.   *Burch*, 400 F.3d at 680.   General findings are

26  insufficient; the ALJ must identify what testimony is not credible

27  and what evidence undermines the claimant's complaints.  *Reddick,*

28  157 F.3d at 722.

The reasons the ALJ gives for rejecting a claimant's testimony must be supported by substantial evidence in the record. *Regennitter v. Comm'r of Soc. Sec. Admin.*, 166 F.3d 1294, 1296 (9th Cir. 1999). If substantial evidence exists in the record to support the ALJ's credibility finding, the Court will not engage in second-guessing. *Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002). When the evidence can support either outcome, the court may not substitute its judgment for that of the ALJ. *Tackett,* 180 F.3d at 1098. In evaluating credibility, the ALJ may engage in ordinary techniques of credibility evaluation, including considering claimant's reputation for truthfulness and inconsistencies in claimant's testimony, or between claimant's testimony and conduct, claimant's daily activities, claimant's work record, and testimony from physicians and third parties concerning the nature, severity and effect of the symptoms of which claimant complains. *Thomas*, 278 F.3d at 958-59.

In this case, the ALJ found that despite Plaintiff's assertion his 2004 injuries prevented him from working, he worked full-time after 2004. Tr. 24. Moreover, the ALJ noted that the thoracic outlet syndrome caused by the accident did not worsen significantly over time. Tr. 24. The record reveals Plaintiff admitted that he worked up to 2008, well after his 2004 car accident. Tr. 46-47. Additionally, substantial evidence indicates that while Plaintiff's thoracic outlet syndrome caused fluctuating symptoms (i.e., some treatment notes reveal a flare-up of associated symptoms, other treatment notes contain no mention of associated symptoms), his condition in general did not consistently or progressively worsen over time. Tr. 357; 363; 369; 372; 374. As such, substantial

1  evidence exists in the record supporting the ALJ's finding that the

2  Plaintiff's thoracic outlet syndrome did not prevent him from

3  working.

4      Second, the ALJ thoroughly reviewed the medical evidence in the

5  context of deciding Plaintiff's credibility. Tr. 24-26. It is

6  apparent from a careful reading of the analysis that the ALJ

7  concluded the objective medical evidence does not support

8  Plaintiff's claims about the severity of his limitations, and

9  substantial evidence supports the ALJ's conclusions. Tr. 24-26.

10 For example, Plaintiff's 2004, MRI scan of his cervical and lumbar

11 spine indicated normal anatomy. Tr. 387. Similarly, in June, 2007,

12 Plaintiff complained that he was fatigued, had "wacky

13 conversations," blurred vision and was light-headed upon sneezing,

14 but his CT scan was negative for abnormalities. Tr. 196. The ALJ

15 considered several medical records that indicated no objective

16 medical evidence existed to explain Plaintiff's symptoms. Tr. 24-

17 28. The ALJ's thorough analysis of the objective medical evidence

18 reveals the medical evidence does not support Plaintiff's claimed

19 limitations.

20     Finally, the ALJ reviewed Plaintiff's daily activities and

21 found that his level of activity contradicted his claimed

22 limitations. Tr. 28-29. Substantial evidence supports the ALJ's

23 conclusions. For example, the evidence reveals Plaintiff engaged in

24 activities such as shoveling snow, changing snow tires, caring for

25 a toddler everyday, coaching his child's football team, and

26 regularly working as a volunteer firefighter. Tr. 49-51; 65-66;

27 135-39; 258; 310; 356; 363; 421-22; 550. As the ALJ concluded,

28 Plaintiff's daily activities contradict his claims of total

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 8

disability.   The ALJ's reasons for discounting Plaintiff's credibility were clear and convincing, and supported by the record.

**B.   Jeffrey J. Emery, DO**

Plaintiff contends that the ALJ erred by giving little weight to the February 26, 2010, medical source statement completed by treating physician Jeffrey J. Emery, DO.  ECF NO. 14 at 16; Tr. 29. As a general rule, more weight should be given to the opinion of a treating source than to the opinion of doctors who do not treat the claimant.  *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995).  Where the treating doctor's opinion is not contradicted by another doctor, it may be rejected only for "clear and convincing" reasons.  *Id*. Where the treating doctor's opinion is contradicted by another doctor, the ALJ may not reject this opinion without providing "specific and legitimate reasons" supported by substantial evidence in the record for so doing.  *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983).  Where a medical source's opinion is based largely on the Plaintiff's own subjective description of symptoms, and the ALJ has discredited the Plaintiff's claim as to those subjective symptoms, the ALJ may reject that opinion.  *Fair v. Bowen*, 885 F.2d at 605.  Also, an ALJ may discredit treating physicians' opinions that are conclusory, brief, and unsupported by the record as a whole, or by objective medical findings.  *Batson*, 359 F.3d at 1195.

In this case, Dr. Emery's opinion was presented in a check-the-box form medical source statement.  Tr. 533-38.  Dr. Emery opined that Plaintiff is limited to less than a full range of sedentary work.  Tr. 533-38.  The ALJ gave the opinion little weight because it was based upon Plaintiff's subjective complaints, not supported by objective findings or the overall record, and no exam notes

support the findings.  Tr. 29.  Substantial evidence supports the ALJ's findings.  For example, Dr. Emery's notations reflect that the assessment is based upon Plaintiff's subjective complaints: "there is not a lot of objective evidence other than limited joint [range of motion].   EMGs to date have been unremarkable[;]" and "no improvement, in fact subjective worsening seen the past couple years."  Tr. 538.  Because Plaintiff's complaints were found to be not credible, the ALJ properly gave little weight to Dr. Emery's assessment that was based upon the Plaintiff's discredited claims.  Additionally, as acknowledged by Dr. Emery, no objective medical evidence supports his opinion that Plaintiff is limited to less than sedentary work.

Finally, Dr. Emery's treatment notes, which are predominantly based upon Plaintiff's self-reports, do not support the less than sedentary opinion.  Tr. 309-17; 356-75.  An  impairment must be established by medical evidence consisting of signs, symptoms, and laboratory findings.  20 C.F.R. § 416.908.  An ALJ need not accept an opinion of a physician—even a treating physician—if it is conclusory, brief, and unsupported by clinical findings.  *Matney v. Sullivan*, 981 F.2d 1016, 1019 (9th Cir. 1992).  In the absence of medical evidence that supports Dr. Emery's opinion, the ALJ's reasons for giving Dr. Emery's assessment little weight were specific and legitimate and supported by substantial evidence.

**CONCLUSION**

Having reviewed the record and the ALJ's findings, the court concludes the ALJ's decision is supported by substantial evidence and is not based on legal error.  Accordingly,

**IT IS ORDERED:**

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 10

1      1.   Defendant's Motion for Summary Judgment, **ECF No. 15,** is

2  **GRANTED.**

3      2.   Plaintiff's Motion for Summary Judgment, **ECF No. 14,** is

4  **DENIED.**

5      The District Court Executive is directed to file this Order and

6  provide a copy to counsel for Plaintiff and Defendant. Judgment

7  shall be entered for **DEFENDANT** and the file shall be **CLOSED.**

8      DATED June 18, 2013.

9

10              S/ CYNTHIA IMBROGNO
                UNITED STATES MAGISTRATE JUDGE

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT – 11